UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY HARELL, Independent Administrator of the Estate of STACY VAUGHN HARELL, deceased, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, et. al., <br><br> Defendants. | No. 18 C 7781 <br><br> Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Henry Harell, Independent Administrator of the Estate of Stacy Vaughn Harell ("Harell"), and Kimberly Myers ("Myers") (collectively, "Plaintiffs"), bring this action against the City of Chicago ("the City"), Terrance Allen ("Allen"), Sharree Thompson ("Thompson"), Shaun Susnis, individually and as an agent of the City ("Susnis"), Megan Ryan, individually and as an agent of the City ("Ryan"), and other unknown police officers, following a car accident involving Allen, Harell, and Myers. (R. 11, Pls.' Am. Compl.) Before the Court is the City's motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 19, Def.'s Mot.) For the reasons that follow, the motion is granted.

## BACKGROUND

On June 24, 2017, Plaintiffs were involved in an automobile accident when their vehicle was struck by a vehicle believed to be driven by Allen. (R. 11, Pls.' Am. Compl. ¶¶ 32-34.) Plaintiffs allege that Chicago Police Officers Susnis and Ryan were engaged in a high-speed car chase with Allen at the time of the accident. (*Id.* ¶¶ 23, 29-30.) According to Plaintiffs, when Susnis and Ryan arrived at the scene of a vehicle stop, they confronted the occupants of the

vehicle with their guns drawn. (*Id.* ¶ 26.) The rear passenger exited the car and was detained by other officers, while the driver—believed to be Allen—fled. (*Id.* ¶¶ 27-28.) According to Plaintiffs, Susnis and Ryan then began their high-speed pursuit of the vehicle, reaching speeds of almost sixty miles per hour. (*Id.* ¶¶ 29-31.) The fleeing vehicle ultimately crashed into Harell's car. (*Id.* ¶ 33.) Harrell was killed, and Myers sustained severe injuries. (*Id.* ¶ 34.) Plaintiffs allege that the individual defendants are liable for Harell's death and Myers' injuries under Illinois law, and that the City is liable under Illinois law and 42 U.S.C. § 1983. (*Id.* ¶¶ 21-207.)

## PROCEDURAL HISTORY

This action was removed from the Circuit Court of Cook County on November 26, 2018. (R. 1, Notice of Removal.) Shortly thereafter, Plaintiffs filed a joint amended complaint, alleging twelve claims.[1] (R. 11, Pls.' Am. Compl.) Plaintiffs claim that: the City, Susnis, Ryan, and certain unknown officers engaged in willful and wanton misconduct during the high-speed car chase (Count I); the City was negligent and is vicariously liable for the actions of Susnis, Ryan, and the unknown officers (Counts II and III); the City is liable under 42 U.S.C. § 1983 because Susnis, Ryan, and the unknown police officers violated Plaintiffs' Fourth and Fourteenth Amendment rights pursuant to improper policies, practices, and customs condoned by the City, (Counts IV & V); Allen and Thompson were negligent (Counts VI-XI); and the City is liable for negligent spoliation of evidence. (Count XII). (*Id.*)

On January 30, 2019, the City moved to dismiss the federal claims for failure to allege a constitutional violation caused by a policy, custom, or practice of the City, as is required under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). (R. 19, Def.'s Mot. at 5-14.) Without a viable federal claim, the City asks that the Court decline

---

[1] Plaintiffs mistakenly repeated certain numbers in the titling of the counts of their amended complaint. (R. 11, Pls.' Am. Compl.) For clarity, the Court refers to them in the order of their presentation.

supplemental jurisdiction over the remaining state law claims. (*Id.* at 14-15.) In any event, the City says, the complaint should be dismissed to the extent it is brought by Myers since Myers is not named in the caption of the amended complaint. (R. 19, Def.'s Mot. at 4.) Plaintiffs filed their response to the City's motion on March 4, 2019. (R. 24, Pls.' Resp.) According to Plaintiffs, they sufficiently allege *Monell* liability under the independent municipal liability theory recognized by the Third Circuit Court of Appeals in *Fagan v. City of Vineland*, 22 F.3d 1283 (3rd Cir. 1994). (*Id.* at 6.) Plaintiffs concede that Myers was inadvertently omitted from the caption of their amended complaint, but seek leave to amend and correct the error. (*Id.* at 3.) The City filed its reply on March 19, 2019, arguing that the independent municipal liability theory recognized in *Fagan* had been explicitly rejected by the Seventh Circuit Court of Appeals, and that Plaintiffs' failure to address the City's remaining arguments as to any constitutional claims renders them forfeited. (R. 25, Def.'s Reply at 2-7.)

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint by arguing "that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 769 F.3d 822, 825 (7th Cir. 2015) (quotation and internal alteration omitted). A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Tobey v. Chibucos*, 890 F.3d 634, 639 (7th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff alleges facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The

Court evaluates a complaint in the light most favorable to the nonmoving party, accepts as true all well-pleaded facts, and draws all inferences in the nonmoving party's favor. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).

## ANALYSIS

The City moves to dismiss the amended complaint, arguing at the outset that any claims brought by Myers should be dismissed because Myers is not listed in the caption of the amended complaint and is therefore not a party. (R. 19, Def.'s Mot. at 4.) In addition, the City argues that Plaintiffs' Section 1983 claims fail because Plaintiffs have not alleged any constitutional violation and cannot amend to do so under well-settled Seventh Circuit authority. (*Id.* at 5-10.) Specifically, the City urges that Plaintiffs fail to state a Fourth Amendment claim against any officer because they fail to allege a seizure, and that they fail to allege a Fourteenth Amendment claim because they fail to allege behavior that shocks the conscience. (*Id.*) Moreover, the City argues, even if Plaintiffs had alleged a constitutional violation by any particular officer, they nevertheless fail to allege that such a violation was caused by a policy, practice, or custom of the City, a required predicate for the Section 1983 claims they bring. (*Id.* at. 10-15 (citing *Monell*, 436 U.S. at 691).) Without a viable federal claim, the City says, supplemental jurisdiction over the remaining state law claims should be declined. (*Id.* at 14-15.)

Plaintiffs concede at the outset that they failed to list Myers in the caption of their amended complaint, but urge that the omission was inadvertent and that leave should be given to amend and correct the error. (R. 24, Pls.' Resp. at 3.) As to their Section 1983 claims, Plaintiffs do not dispute their failure to allege a Fourth or Fourteenth Amendment claim against any individual officer, and indeed expressly declare that they bring no such claims against them.

4

(R. 24, Pls.' Resp. at 5.) Instead, Plaintiffs argue that under the independent municipal liability theory recognized in *Fagan v. City of Vineland*, 22 F.3d 1283, 1293 (3d Cir. 1994), they need not allege liability of any individual officer to state a claim, but only the liability of the municipality. (R. 24, Pls.' Resp. at 6.) Based on the Third Circuit's conclusion in *Fagan* that a municipality can be liable under *Monell* for a policy of failing to train police officers when the policy causes a violation of the plaintiff's constitutional rights, Plaintiffs urge they have sufficiently stated their claims here. (*Id.*) In addition, Plaintiffs say, because they do not need to provide extrinsic evidence of the existence of a specific policy or custom at the pleading stage, their allegation of wrongdoing pursuant to a policy is sufficient to state a *Monell* claim. (*Id.*)

## I. Claims Brought by Myers

At the threshold, the Court notes that Plaintiffs' failure to name Myers in the caption of their amended complaint has not prevented the City from understanding that both Myers and Harrell have brought claims against it, or from responding in substance to their claims. (R. 19, Def.'s Mot.) Accordingly, the Court agrees with Plaintiffs that their oversight was a technical one that could readily be corrected by amendment, and declines to dismiss on this basis.

## II. Plaintiffs' *Monell* Claims Against the City (Counts IV & V)

Turning to Plaintiffs' *Monell* claims against the City, because Plaintiffs do not dispute their failure to state Fourth or Fourteenth Amendment claims against any individual defendant, they have forfeited them, even if initially asserted. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the waiver/forfeiture rule] where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."); *accord Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053-54 (7th Cir. 2019). Accordingly, the

question on Plaintiffs' claims as Plaintiffs frame them is whether the City can be held liable under Section 1983 in the absence of a constitutional violation by any of its officers.

Plaintiffs argue that *Fagan* authorizes the suit that they envision. In *Fagan*, a case also arising from a high-speed police chase which resulted in a fleeing driver crashing into innocent bystanders, the district court granted summary judgment on the plaintiffs' *Monell* claim against the municipality because the underlying Fourteenth Amendment claim against the officers had failed. *Fagan*, 22 F.3d at 1289, 1291. The Third Circuit reversed, concluding that despite the failure of the claims against the individual defendants, the municipality might nevertheless face *Monell* liability under Section 1983 for its failure to train its police officers on high-speed chases. *Id.* at 1294. Under this reasoning, the Third Circuit distinguished the Supreme Court's decision in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), that it is not enough for a plaintiff to allege that a municipality's policy or custom "might have *authorized*" a constitutional violation; rather, the plaintiff must also allege that he had suffered a constitutional injury at the hands of an individual police officer. *Id.* at 1291-92.

The problem for Plaintiffs, however, is that the Seventh Circuit quickly and resoundingly rejected the rule of *Fagan. Thompson v. Boggs*, 33 F.3d 847, 859 n.11 (7th Cir. 1994). Disagreeing with the Third Circuit's interpretation of *Heller*, the Seventh Circuit explained in *Thompson* that it "follow[s] the clear holding of *Heller* that '[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.'" *Id.* (quoting *Heller*, 475 U.S. at 799). Accordingly, to establish municipal liability and prevail on their *Monell* claim, it is not enough for Plaintiffs to allege that an alleged policy or procedure of the City injured them. *E.g., Thompson*, 33 F.3d at 859 n.11; *Petty v. City of*

6

*Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). Instead, Plaintiffs must allege both that they suffered a constitutional injury and that the City authorized or maintained a policy, procedure, or custom allowing or approving of the unconstitutional conduct. *Petty*, 754 F.3d at 424 ("Petty's *Monell* claim fails because he did not suffer a constitutional injury and so has no basis to support a *Monell* claim."); *accord Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010) ("[A] municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee."); *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007) ("It is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [the plaintiff's] constitutional rights."). Without any claim that any individual officer committed a constitutional violation, Plaintiffs' *Monell* claims against the City fail. *Monell*, 436 U.S. at 694; *Petty*, 754 F.3d 424; *Sallenger*, 630 F.3d at 504; *King*, 496 F.3d at 817; *Thompson*, 33 F.3d at 859 n.11.

Plaintiffs' *Monell* claims fail for an additional reason. Despite Plaintiffs' allegations about a host of policies and practices that Plaintiffs ascribe to the City, Plaintiffs allege no facts that suggest that any particular one of them caused the injuries complain of here. (R. 11, Pls.' Am. Compl.) Specifically, Plaintiffs allege that the City failed to promulgate and follow rules and procedures regarding arrest and detention, searches of individuals and their property, the arrest of individuals who are mentally handicapped or suffering from psychiatric conditions, and the de-escalation of non-compliant detention or arrest situations. (*Id.* ¶¶ 68-145.) Plaintiffs allege that the City failed to train its police officers on how to stop, seize, search, arrest, detain, question, or interrogate people; how to provide proper medical care to detainees; and how to properly supervise officers in carrying out such tasks. (*Id.*) Plaintiffs also allege that the City allowed a code of silence among its officers, and that it allowed its officers to shoot unarmed

people, escalate non-confrontational situations, and fail to recognize mentally challenged or mentally ill people as such. (*Id.*)

But Plaintiffs allege no facts that plausibly suggest that the injuries they suffered from the officers' pursuit of the fleeing vehicle were the result of any of these alleged policies or practices—or, indeed, that any of them are in any way tied to the facts complained of here. (*Id.*) Instead, Plaintiffs formulaically allege that "Defendants' acts and omissions were undertaken pursuant to Defendant City of Chicago's policies, practices, and customs, which were the moving force behind the violations of the Decedent's rights" (*id.* ¶ 58), and that Plaintiffs' injuries were the result of the officers' acting "pursuant to one or more of the policies, practices, and customs" (*id.* ¶ 100). Without more, these alleged "'facts' are actually legal conclusions, or elements of the cause of action, which may be disregarded on a motion to dismiss." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

To establish municipal liability, a plaintiff must show the existence of an "official policy" or other governmental custom that not only causes but is the "moving force" behind the deprivation of constitutional rights. *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012); *see also Piphus v. Bd. of Educ.*, No. 12 CV 7257, 2014 WL 400644, *3 (N.D. Ill. Jan. 31, 2014) (dismissing *Monell* claim because policy alleged could not have caused plaintiffs' injuries). Without any factual allegations plausibly suggesting that the alleged policies and practices caused Plaintiffs' injuries, Plaintiffs fail to state a claim on this basis as well. *E.g.*, *Monell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Teesdale*, 690 F.3d at 833.

The Court is sympathetic to the tragedy suffered by the plaintiffs. Yet, this Court is required to follow the Seventh Circuit's decision in *Thompson* which under the circumstances presented means that Counts IV and V must be dismissed.

## III. State Law Claims

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Accordingly, because the federal claims fail, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice. *Id.*

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss (R. 19) is GRANTED. Counts IV and V are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: June 25, 2019**